FILED
SUPERIOR COURT
OF GUAM

2024 DEC -6 PM 4: 44

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

ESTATE OF MIN JUNG SPARKS,

Plaintiff,

vs.

SAMANTHA CHONG SPARKS,

Defendant.

**CIVIL CASE NO. CV0409-24**

**DECISION AND ORDER GRANTING MOTION TO DISMISS**

Plaintiff Estate of Min Jung Sparks seeks to set aside a transfer of real property acquired by Defendant Samantha Chong Sparks ("Sparks") from her mother, Decedent Min Jung Sparks. Sparks moves to dismiss this civil action based on the Estate's non-compliance with probate law procedures. The Court agrees that the Estate has not followed prerequisites outlined in Guam's probate law on filing fraudulent conveyance cases, and GRANTS Sparks' Motion to Dismiss.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

In a related probate case, Guam Regional Medical City (GRMC) petitioned to appoint Samuel N. Sparks, Decedent's husband, as the administrator of Decedent's Estate. *In the Matter of the Est. of Min Jung Sparks*, PR0043-23 (Pet. Letters Admin. and Prob. at 2 (Mar. 16, 2023)). Simultaneously, GRMC filed a claim against the Estate for $1,049,084.98. PR0043-23 (Claim on Contract at 1 (Mar. 16, 2023)). Rebecca Sparks, one of Decedent's biological daughters, objected to the appointment of an Administrator. PR0043-23 (Obj. to Appointment of Adm'r at 1 (May 4, 2023)). In response, GRMC consented to Rebecca's appointment and again filed a claim against the Estate. PR0043-23 (Consent to Appointment of Rebecca Sparks at 1 (May 8,

ORIGINAL

2023); Claim Ag. Est. at 1 (May 8, 2023)).

Many months later, GRMC again petitioned for Letters of Administration and Probate because Samuel Sparks had not done so, and requested that Attorney Michael J. Berman serve as the administrator. PR0043-23 (Am. Pet. Letters Admin. and Prob. at 2-3 (Mar. 7, 2024)). Rebecca consented to Berman's appointment, and the Court approved. PR0043-23 (Consent of Appointment of Michael Berman at 1 (Apr. 16, 2024); Am. Order Appointing Adm'r at 1 (Jun. 18, 2024)). On August 21, 2024, GRMC again filed a claim against the estate. PR0043-23 (Claim Ag. Est. at 1 (Aug. 21, 2024)).

The Estate has now filed this fraudulent conveyance action. The Estate states that the late Min Jung Sparks became indebted to GRMC between 2019 and 2020. Compl. Set Aside Fraud. Transfer ¶ 7 (Jul. 12, 2024). GRMC made a demand upon Decedent during her lifetime for payment, however, she refused to pay. *Id.* ¶ 9. At the same time, Decedent conveyed seven parcels of real property to Sparks. *Id.* ¶ 10. The one remaining parcel in the Estate's inventory does not have a sufficient fair market value to satisfy the claim by GRMC let alone any possible additional debts. *Id.* ¶ 12.

In this action, the Estate seeks to set aside the transfer, claiming it was fraudulent. Sparks moves to dismiss alleging there was no application made under 15 GCA § 2211 in the probate case before filing this case. Mot. Dismiss at 2 (Aug. 20, 2024); Reply to Pl.'s Opp'n Mem. to Def.'s Mot. Dismiss ¶ 4 (Sept. 30, 2024). The Estate requests that if the Court finds merit in Sparks' claims, the Estate be allowed to amend their complaint or to substitute the personal representative and Estate with GRMC. Pl.'s Opp'n Mem. to Def.'s Mot. Dismiss at 3 (Sept. 17, 2024).

ORIGINAL

## II.   <u>LAW AND DISCUSSION</u>

Guam's probate law states,

> If a decedent, in his lifetime, conveyed any real or personal property, or any interest therein, with intent to defraud his creditors, or to avoid any obligation due another, or made a conveyance that by law is void as against creditors, or made a gift of property in view of death, and there is a deficiency of assets in the hands of the personal representative, the personal representative must, on the *application* of any creditor, commence and prosecute to final judgment an action for the recovery of the same for the benefit of the creditors. A creditor making such application must pay such part of the cost and expenses of the suit, or give such security to the personal representative therefor, as the Superior Court of Guam shall direct. All property recovered in an action brought under the provisions of this subsection must be sold for the payment of debts, in the same manner as if the decedent had died seised or possessed thereof, and the proceeds of such sale must be appropriated in payment of the debts of the decedent in the same manner as other property in the hands of the personal representative. The remainder of the proceeds, after all the debts of the decedent have been paid, must be paid to the person from whom such property was recovered.

15 GCA § 2211(c) (emphasis added). Section 2211 posits that a personal representative must prosecute a fraudulent conveyance action to final judgment "on the application of any creditor." Sparks argues that GRMC's claim to the Estate does not satisfy the requirements of an "application" to the personal representative, and that there is no other evidence of such an application being made or approved by the probate court. Thus, the question raised by the briefs is whether such application requires the approval of the probate court.

The Court starts with the plain language of the statute, looking at the statute as a whole. *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6. Using that statutory construction tool, the Court is persuaded that the probate court must hear a creditor's application to bring a fraudulent conveyance action, particularly because the "Superior Court of Guam shall direct" whether the creditor pays for the costs and expenses of the suit, or other sufficient security. The extent of the creditor's financial involvement in the lawsuit is not something the statute authorizes the

ORIGINAL


personal representative to determine alone. Moreover, a few provisions later, the code invites the personal representative to petition the court for guidance as to the administration, care, protection and preservation of the estate. *See* 15 GCA § 2221.

Even if the Court needed to seek the assistance of external authorities to interpret section 2211(c), California caselaw would support the Court's conclusion. *In re Mina'Trentai Dos Na Liheslaturan Guahan*, 2014 Guam 24 ¶ 13 ("If a statute is ambiguous as to a certain term, courts will look to the legislative history in order to ascertain the legislative intent.") The source of 15 GCA § 2211(c) is sections 579 and 580 of the California Probate Code. Those provisions have since been replaced by California Probate Code § 9653, which has, however, retained some of the original language. According to California courts, the primary purpose of section 9653 and its predecessors is to enable the personal representative to reduce an asset to possession and administer it for the benefit of creditors "under the direction and supervision of the probate court." *Katz v. Driscoll*, 194 P.2d 822, 825 (Cal. App. 1948). As a secondary purpose, the law intends to prevent complications if several creditors were to pursue the remedy and seek to apply the proceeds of a suit to their individual claims. *Id.* What the Court gleans from *Katz* is that the probate court continues to monitor the actions of the personal representative to ensure a streamlined process for handling creditors' claims. This intent is unfulfilled if the personal representative acts without specific court authority.

In summary, the plain language and the purpose of section 2211 requires court involvement before a fraudulent conveyance action is filed. There being no proof of that step being taken in the related probate case, this matter is subject to dismissal.

### III.     CONCLUSION AND ORDER

If the Estate desires to pursue a fraudulent conveyance action it must first seek approval



from the probate court. As there is no proof that this procedure was followed in PR0043-23, the Court GRANTS Sparks' Motion to Dismiss without prejudice. In addition, the Court takes no action on the Estate's request that GRMC be substituted in place of the Estate, as the Estate presents no motion or authority for this procedural relief.

**SO ORDERED, 6 December 2024.**

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Attorneys:
Michael J. Berman, Esq., Berman Law Firm, for Plaintiff Estate of Min Jung Sparks
William L. Gavras, Esq., Law Offices of William L. Gavras, for Defendant Samantha Chong
     Sparks